# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

DAKOTA CLAY AHLGRIM,

       Petitioner,

vs.                                                                         No. CV 17-0363 RB/GJF

GERMAN FRANCO,

       Respondent.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court under Rule 4 of the Rules Governing Section 2254 Proceedings on the Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus by a Person in State Custody filed by Petitioner Dakota Clay Ahlgrim on March 21, 2017 (Doc. 1). The Court will dismiss the Petition.

## FACTUAL AND PROCEDURAL BACKGROUND

Petitioner Dakota Clay Ahlgrim was convicted on several state criminal charges and is a prisoner incarcerated at the Penitentiary of New Mexico. (Doc. 1 at 1.) *See* State of New Mexico Nos. D-116-CR-2009-00265, D-1333-CR-2010-00110. In this case, Ahlgrim does not contest his state court criminal convictions or sentences. Instead, he seeks habeas relief from alleged deprivation of good time credits by the New Mexico Department of Corrections. (*Id.*)

Ahlgrim filed his § 2254 Petition on March 21, 2017. (*See id.*) In his Petition, Ahlgrim claims he was deprived of good time credits in violation of his due process rights under the Fourteenth Amendment. (*Id.* at 2–3.) Ahlgrim alleges:

> Was deprived of more than 327 plus days of good-time credits through Prison Disciplinary Process for legitimate use of Prison Emergency grievance Procedure on one-report and without any evidence on second report. On second report, preponderence of evidence was in favor of Petitioner. On first report, NMCD grievance procedure/policy prohibited any action against Petitioner. In both

1

> reports, all relevant Prison officials acted maliciously and were fully aware that what they were doing violated Petitioner's rights.

(*Id.* at 3.)

Prior to filing in this Court, Petitioner Ahlgrim filed a habeas corpus petition in state court. (*Id.* at 2.) Ahlgrim's Petition indicates that he raised the same due process issue in his state habeas corpus case. (*Id.* at 2, ¶ 11(a)(5).) Ahlgrim did not attach copies of the filings in his state habeas corpus proceeding to his Petition in this case. However, the Court has reviewed the official New Mexico state court record in Ahlgrim's state court proceedings through the New Mexico Supreme Court's Secured Online Public Access (SOPA) and takes judicial notice of the court records in Ahlgrim's habeas corpus case, State of New Mexico, County of Santa Fe, First Judicial District case no. D-101-CV-2015-01371. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (The Court may take judicial notice of publicly filed records in this court and other courts concerning matters that bear directly upon the disposition of the case at hand); *Shoulders v. Dinwiddie*, No. CR 12-0128 JB, 2006 WL 2792671 (W.D. Okla. 2006) (court may take judicial notice of state court records available on the world wide web including docket sheets in district courts); *Stack v. McCotter*, No. 02-4157, 2003 WL 22422416 (10th Cir. 2003) (finding state district court's docket sheet is an official court record subject to judicial notice under Fed. R. Evid. 201).

In his state Petition for Writ of Habeas Corpus filed May 26, 2015, Ahlgrim claimed "Violation of Due Process/Procedural Due Process Resulting in Wrongful and Unlawful Deprivation and Denial of Good Time Credits." (Pet. for Writ of Habeas Corpus at 1.) Following a state court order to do so, Ahlgrim filed an Amended Petition for Writ of Habeas Corpus that included the prison administrative record of his prison grievance proceedings. (Am. Pet. for Writ of Habeas Corpus filed Sept. 17, 2015.) The record of the disciplinary proceedings indicates that

Ahlgrim was charged with a major disciplinary violation for threatening a correctional officer. Ahlgrim had submitted a grievance to the prison grievance officer against a correctional officer, Sergeant Urtiaga. (N.M. Corr. Dep't Inmate Grievance, Attachment A: Emergency Grievance, May 30, 2014.) Ahlgrim's Emergency Grievance concludes "I will exercise my right to defend myself by the command of Allah (SWT) in Surah 2, Ayahs 190-194". (Emergency Grievance, May 30, 2014).

The Inmate Misconduct Report by the prison grievance officer states:

> On this date June 3, 2014 at approximately 10:40 am, it became known to me that inmate Dakota Ahlgrim NMCD #71109 threatened Sergeant Urtiaga with bodily harm. While inmate Ahlgrim did not state exactly what he would do to Sergeant Urtiaga, his intentions to fight or kill Sergeant Urtiaga are clear upon reading the translation taken from Surah 2, Ayahs 190-194 which inmate Ahlgrim quoted in his grievance.

(Inmate Misconduct Report, June 3, 2014.) The translation of Surah 2, Ayahs 190-194 quoted by Ahlgrim includes the following statement:

> 2.191. Kill them whenever you confront them and drive them out from where they drove you out. (For though killing is sinful) wrongful persecution is even worse than killing. Do not fight against them near the Holy Mosque unless they fight against you; but if they fight against you kill them, for that is the reward of such unbelievers.

(Inmate Misconduct Report, June 3, 2014, attached Selections from the Holy Quran.) A Disciplinary Officer conducted an investigation and recommended a major level hearing. A Hearing Officer held the Major Level Disciplinary Hearing on June 12, 2014. Ahlgrim appeared, submitted a motion to dismiss, and presented testimony and documentary evidence. (N.M. Corr. Dep't Disciplinary Summ. of Evid. & Proceedings, June 13, 2014.) Based on the evidence presented, the Hearing Officer found Ahlgrim guilty of the charged major disciplinary violation and recommended loss of all goodtime credits. (N.M. Corr. Dep't Disciplinary Decision, June 13, 2014.) Ahlgrim signed a statement that he had been advised of his rights during the course of

the Disciplinary Hearing and fully understood everything. (N.M. Corr. Dep't Suppl. Signature Form, June 12, 2014.) The Hearing Officer's recommendation was reviewed and approved by the Deputy Warden on June 13, 2014. (N.M. Corr. Dep't Disciplinary Decision, June 13, 2014.)

Following a review of the record, the state court entered its Procedural Order on Petition for Writ of Habeas Corpus on January 14, 2016. The court's order states:

> Petitioner filed a petition for writ of habeas corpus on May 22, 2015. After an initial review was done, it was determined that the petition failed to provide sufficient factual basis to determine the Petitioner's claims. The petition was returned to petitioner and he was given the opportunity to file an amended petition.
>
> Petitioner filed an amended petition on September 14, 2015. This petition did include the disciplinary reports, decisions and appeal of his Major Report proceedings.
>
> Petitioner seeks to restore his good time credits of 327 days which were taken as a punishment for the disciplinary violation as well as an additional 90 days good time credit during which Petitioner states he was not allowed to earn good time.
>
> It is well settled that an inmate's liberty interest in his earned good time credits cannot be denied without the minimal safeguards afforded by the Due Process Clause of the Fourteenth Amendment. See *Wolff v. McDonnell*, 418 U.S. 539, 559, 566 (1974). These due process safeguards include: written notice of the claimed violations; disclosure to the inmate of evidence against him; opportunity to be heard in person and to present witnesses and documentary evidence when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals and a written statement by the factfinders as to the evidence relied on and reasons for the decision. See, also, *Miller v. Tafoya*, 2003-NMCA-025, 76 P.3d 1092, 1096.
>
> However, Petitioner fails to set forth what due process he was denied in his disciplinary proceedings, stating only his due process rights were violated. Instead Petitioner's argument focuses on how the disciplinary officer should not have found him guilty based on the facts. This argument cannot serve as the basis for habeas relief. Further, a review of the disciplinary paperwork attached to the petition, including the arguments made on appeal of the disciplinary decision, fail to provide a basis for relief.
>
> Therefore, the Petition is dismissed and the case is CLOSED.

(Procedural Order on Pet. for Writ of Habeas Corpus, Jan. 14, 2016.)

Ahlgrim filed a motion for reconsideration of the dismissal on November 10, 2016, which the state district court denied as untimely on November 15, 2016. (Order Denying Pet'rs 2d Mot. for Recons., Nov. 15, 2016.) The New Mexico Supreme Court then denied Ahlgrim's Petition for Writ of Certiorari on March 13, 2017. (No. S-1-SC-35744, Order, Mar. 13, 2017.)

## **THE STANDARD FOR § 2254 HABEAS CORPUS REVIEW**

Ahlgrim is proceeding in this Court under 28 U.S.C. § 2254. A prisoner in state custody may seek federal habeas corpus relief under 28 U.S.C. § 2254. Section 2254 provides:

> [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a). Habeas corpus relief is not limited to immediate release from illegal custody, but is available as well to attack future confinement and obtain future releases. *See Peyton v. Rowe*, 391 U.S. 54, 66–67 (1968). Habeas relief is available to obtain restoration of good time credits, resulting in shortening of the length of the petitioner's sentence. *Preiser v. Rodriguez*, 411 U.S. 475, 487–88 (1973).

As amended by the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254 sets limits on the power of a federal court to grant an application for a writ of habeas corpus. If, as in this case, the application includes a claim that has been adjudicated on the merits in state court proceedings, § 2254(d) expressly limits federal court review. Under § 2254(d), a habeas corpus application "shall not be granted with respect to [such a] claim . . . unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1) and (2). Under this standard, a federal habeas court "reviews the specific reasons given by the state court and defers to those reasons if they are reasonable." *Wilson v. Sellers*, ___ U.S. ___, No. 16-6855 at 2 (*slip op.* Apr. 17, 2018). The standard is highly deferential to the state court rulings and demands that the state court be given the benefit of the doubt. *Harrington v. Richter*, 562 U.S. 86, 101 (2011); *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (*per curiam*). The standard is difficult for petitioners to meet in federal habeas proceedings under 28 U.S.C. § 2254. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

Section 2254(d)(1)'s reference to "clearly established Federal law, as determined by the Supreme Court of the United States" refers to the holdings of the Supreme Court's decisions as of the time of the relevant state-court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Under § 2254(d)(1), a state-court decision is "contrary to" the Supreme Court's clearly established law if it "applies a rule that contradicts the governing law set forth in [Supreme Court] cases" or if it "confronts a set of facts that are materially indistinguishable from a decision of [the] Court and nevertheless arrives at a result different from [that] precedent." *Williams*, 529 U.S. at 405–06. A state court need not cite, or even be aware of, applicable Supreme Court decisions, "so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002) (per curiam).

A state-court decision is an "unreasonable application" of clearly established Supreme Court law if the decision "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Williams*, 529 U.S. at 407–08. A District Court undertakes this objective unreasonableness inquiry in view of the specificity of the governing rule: "The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). An unreasonable

6

application of federal law is not the same as an incorrect application of federal law. *Williams*, 529 U.S. at 410. A federal court may not issue a habeas corpus writ simply because that court concludes the state-court decision applied clearly established federal law erroneously or incorrectly—the application must also be unreasonable. *Id.* at 411; *Harrington*, 562 U.S. at 98. The AEDPA authorizes issuance of a writ only in cases where there is no possibility fair-minded jurists could disagree that the state court's decision conflicts with Supreme Court precedents. *Harrington*, 562 U.S. at 102.

## ANALYSIS OF PETITIONER AHLGRIM'S § 2254 CLAIMS

As expressly stated by the state court, deprivation of a prisoner's earned good time credits implicates the prisoner's liberty interests, and the Fourteenth Amendment requires due process in disciplinary proceedings. *Wolff v. McDonnell*, 418 U.S. 539, 559 (1974). In general, the process due in prison disciplinary proceedings includes: (1) written notice of the claimed violations; (2) disclosure of evidence against the prisoner; (3) an opportunity to be heard in person and to present witnesses and documentary evidence; (4) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (5) a neutral and detached hearing officer; and (6) a written statement by the factfinders as to the evidence relied on and reasons for the decision. *Id.*

Ahlgrim claims that he was deprived of goodtime credits in violation of his due process rights. As with his state habeas corpus petition, Ahlgrim does not contend that he was deprived of any of the process identified in *Wolf*. Instead, Ahlgrim argues that, on the evidence presented, the Hearing Officer should have reached a different decision—that the "preponderance [sic] of evidence was in favor of Petitioner" or the decision was "without any evidence." (Doc. 1 at 3.)

In administrative proceedings, such as prison disciplinary actions, due process does require that there be some evidence to support the decision to revoke good time credits. *See*, *e.g.*, *United States ex rel. Vajtauer v. Comm'r of Immigration*, 273 U.S. 103, 106 (1927). Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary officer. *Willis v. Ciccone,* 506 F.2d 1011, 1018 (8th Cir. 1974). The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact. Revocation of good time credits is not comparable to a criminal conviction, and neither the amount of evidence necessary to support such a conviction, nor any other standard greater than some evidence, applies in this context. *Compare Jackson v. Virginia*, 443 U.S. 307, 313–16 (1979), *with Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455–56 (1985). Prison disciplinary proceedings take place in a highly charged atmosphere, and prison administrators must often act swiftly on the basis of evidence that might be insufficient in less exigent circumstances. See *Wolff*, 418 U.S., at 562–63, 567–69.

The state court concluded that the prison disciplinary record did not support any basis for relief on Ahlgrim's claim that the deprivation of goodtime credits was contrary to or without evidentiary support. (Procedural Order on Pet. for Writ of Habeas Corpus, Jan. 14, 2016.) The disciplinary record attached to the Amended Petition in state court shows that there was some evidence to support the Hearing Officer's decision and that record supports the state court's denial of Ahlgrim's state court Petition. The state court's decision is not contrary to or an unreasonable application of clearly established Federal law and is not based on an unreasonable

8

determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(1), (2); *Pinholster*, 563 U.S. at 181–82. Applying the highly deferential standard of § 2254(d), this Court concludes that Ahlgrim is not entitled to relief on his Fourteenth Amendment due process claim. *Woodford*, 537 U.S. at 24.

Under Rule 11 of the Rules Governing Section 2254 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Court determines that Petitioner Ahlgrim has not made a substantial showing of denial of a constitutional right and will deny a certificate of appealability.

**IT IS ORDERED** that the Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus by a Person in State Custody filed by Petitioner Dakota Clay Ahlgrim on March 21, 2017 (Doc. 1) is **DISMISSED** with prejudice and a Certificate of Appealability is **DENIED**.

_____
ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE